UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:18-cv-09327-SB-JC | Date: | 5/10/2021 |
|---|---|---|---|

| Title: | *Rebecca Padilla et al v. The Whitewave Foods Company et al* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT (DKT. NO. 78)**

Before the Court is Plaintiffs Kimberly Owens and Rebecca Padilla's Motion for Preliminary Approval of Amended Class Action Settlement. Dkt. No. 78 (Mot.). Plaintiffs request that the Court conditionally certify the proposed settlement class, preliminarily approve the settlement, appoint Plaintiffs Rebecca Padilla and Kimberly Owens as the Class Representatives, appoint Capstone Law APC as Class Counsel, and set a hearing date and briefing schedule for final settlement approval and Plaintiffs' fee and expense application. Defendants have agreed to the proposed settlement and do not oppose the motion.

This case is a putative nationwide class action brought by Plaintiffs against Defendants Sequel Naturals ULC and Vega US LLC regarding the labelling and packaging practices of protein powder products made, marketed, distributed and sold by Defendants. Dkt. No 25 (Compl.). Plaintiffs assert statutory and common law claims, alleging that the protein containers are substantially underfilled and that this nonfunctional "slack fill" (i.e., the difference between the actual capacity

of a container and the volume of product) is misleading to reasonable consumers. *See id.*

The parties have negotiated a settlement of this class action and moved for the Court's approval of the proposed settlement, as required by Federal Rule of Civil Procedure 23(e). The parties have submitted the proposed terms of the settlement. Dkt. No. 78-1 Ex. 1 (Proposed Settlement).

I.   **TERMS OF PROPOSED SETTLEMENT**

*Class definition*: The proposed settlement class consists of the following:

all persons in the United States who purchased Products during the Class Period. Excluded from the Settlement Class are counsel of record (and their respective law firms) for the Parties; Defendants and any of their parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff; and any natural person or entity that entered into a release with Defendants prior to the Effective Date concerning the Products.

Proposed Settlement 2. The class period means October 31, 2014 to the date of Preliminary Approval. *Id.* at 1. The products at issue are "any and all Vega protein and meal replacement powders, including, without limitation, the following: Vega One Organic All-in-One Shake; Vega Sport Premium Protein; Vega Protein & Greens; Vega One All-in-One Shake; Vega Clean Protein; Vega Sport Protein; and Vega Essentials Shake." *Id.* at 2.

*Class benefits*: The settlement agreement provides for injunctive relief, requiring Defendants to alter their product packaging in multiple ways. Defendants have agreed to add (1) "a fill line that shows the expected minimal level of fill in the product carton"; (2) "a disclosure statement, in prominent lettering and font on the front label, indicating the number of servings contained in the product carton"; and (3) "a disclosure statement, in prominent lettering and font and in plain language, indicating that the contents of the product carton may settle during shipping." *Id.* at 5. The parties include a "sample label" demonstrating the proposed alterations. *Id.* at 6 (Attachment A).

Defendants are required to use best effort to have the Settling Disclosure in production by December 31, 2021, and the Servings Disclosure in production by May 31, 2022, on all Products. *Id.* The parties represent, however, that implementing the Fill Line Disclosure for all products will require extensive testing and verification. *Id.* Defendants are required to begin the process to implement the Fill Line Disclosure immediately, to use best efforts to have the Fill Line Disclosure in production for the Organic line of Products by December 31, 2021, and to use best efforts to have the Fill Line Disclosure in production for the remaining Products by December 31, 2023 at the very latest. *Id.*[1] The proposed settlement agreement does not require "to remove or recall any of the Products in market, inventory or elsewhere" and Defendants may "exhaust all existing, ordered or planned inventory, packaging and/or labels in selling the Products." *Id.* at 7.

*Class notice*: Because the proposed settlement agreement releases only those claims that proposed class members have for injunctive relief, "the Parties agree that notice to Settlement Class Members and opt-out rights are not necessary" and that "notice to Settlement Class Members would be cost prohibitive." *Id.* at 11.

*Attorneys' fees and costs*: Plaintiffs shall move the Court for an award of attorneys' fees and costs, not to exceed a combined total of $220,000. *Id.* at 10. "Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement." *Id.*

*Incentive awards to class representatives*: Plaintiffs shall also move the Court to approve an incentive award for the class representatives of $2,500 each. *Id.* "Court approval of the incentive awards, or their amount, will not be a condition of the Settlement." *Id.*

*Release*: The proposed settlement agreement provides that "the Settlement Class shall fully release and discharge Defendants" and related entities "for injunctive relief" of any kind "on the basis of, connected with, arising from, or in any way whatsoever relating to the purchase of the Products during the Class Period and the claims alleged in the Complaint in the Action, and, more particularly, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to the

---

[1] The parties do not extensively discuss the delayed implementation. The parties should be prepared to address this issue at the final hearing and may submit a declaration or other evidence showing the necessity and reasonableness of this timeline.

claims alleged in the Complaint in the Action, including, but not limited to, whether Defendants conceal the amount of Product actually contained therein, whether the Products are comprised of non-functional empty space, and whether the Products are under-filled." *Id.* at 7-8. Notably, the proposed settlement agreement makes clear the release "**exclud[es] any and all claims to statutory damages or monetary relief of any kind**." *Id.* at 8 (emphasis in original).

## II.     PRELIMINARY APPROVAL

Rule 23 requires the Court to approve any settlement of the "claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e). "[C]ourt approval of a class action settlement involves a two-step process—preliminary approval, followed by final approval of the settlement . . . ." *In re M.L. Stern Overtime Litig.*, No. 07-CV-0118-BTM (JMA), 2009 WL 995864, at *3 (S.D. Cal. Apr. 13, 2009). Here, the Court is at the preliminary approval stage, which requires the Court to "ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

To begin, the Court conditionally concludes that the proposed class meets the requirements of Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed R. Civ. P. 23(a).

The numerosity requirement is likely met because Plaintiffs represent that "there are millions of members of the Settlement Class throughout the nation." Mot. 7. Plaintiffs' claims present several questions of law and fact that are common to the class, such as whether the labeling, packaging, and marketing practices common to all the products were deceptive and whether the protein packaging contained non-functional slack fill. Compl. ¶ 47; *see Kline v. Dymatize Enterprises, LLC*, No. 15-CV-2348-AJB-RBB, 2016 WL 6026330, at *3 (S.D. Cal. Oct. 13, 2016) (finding commonality where class members' claims regarding underfilled protein products each involved common questions of "whether Defendant's packaging represents violations of the consumer protection laws" and "whether the packaging constitutes misrepresentations of material facts").

Similarly, Plaintiffs' claims are typical of the class because they and the rest of the class suffered the same injury based on the same conduct by Defendants giving rise to essentially identical claims for misleading packaging. *Meyer v.*

*Portfolio Recovery Assocs., LLC*, No. 11CV1008 AJB RBB, 2011 WL 11712610, at *3 (S.D. Cal. Sept. 14, 2011) (explaining the typicality requirement "is satisfied where the named plaintiff(s) have the same or similar injury as the unnamed class members, the action is based on conduct which is not unique to the named plaintiffs, and other class members have been injured by the same course of conduct"). Finally, there are no facts suggesting that Plaintiffs and their counsel are not adequate representatives; there is no indication that a conflict of interest exists or that their prosecution of this action has been anything other than diligent. *In re Ferrero Litig.*, 278 F.R.D. 552, 559 (S.D. Cal. 2011) (concluding adequacy requirement satisfied when where was "no conflict of interest between the proposed class representatives, their counsel, and the class").

The proposed class also meets the requirements for a Rule 23(b)(2), which governs classes seeking class-wide injunctive relief seeking to redress a group-wide injury. *Meyer v. Portfolio Recovery Assocs., LLC*, No. 11CV1008 AJB RBB, 2011 WL 11712610, at *5 (S.D. Cal. Sept. 14, 2011). This provision allow certification if the defendant acted "on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2). Here, Defendants' conduct applied generally to all purchasers, and California law provides for the injunctive relief sought by the complaint. Compl. ¶¶ 49-85. Moreover, the injunctive relief sought applies generally to the class, as "Plaintiffs seek an order from the Court requiring Defendant to comply with the relevant consumer protection laws by making changes to its product packaging. This relief redresses the class-wide injury of misleading packaging, relief that would otherwise be unobtainable absent an injunction." *Kline,* 2016 WL 6026330, at *4.

Thus, the Court concludes that the proposed settlement class meets the requirements of both Rule 23(a) and Rule 23(b)(2). The Court therefore conditionally certifies the class as defined by the settlement agreement.

Finally, the Court must evaluate whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Several factors impact the overall fairness of a proposed settlement: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). And given the dangers of possible collusion, "settlement

approval that takes place prior to formal class certification requires a higher standard of fairness." *Id.*

The Court has considered the multiple, relevant factors and concludes the proposed settlement agreement appears sufficiently fair to preliminarily approve. The parties provide an extensive overview of the several issues that would arise if the case were not to settle, indicating that continuing this case involved a heightened possibility of risk, significant costs, and protracted litigation. Dkt. No. 78-1 (Perez Decl.) ¶¶ 12-23. Given the risks of continued litigation, the proposed settlement appears within the range of reasonableness. "While the class will not receive monetary compensation, the proposed settlement provides significant injunctive relief . . . ." *Kline,* 2016 WL 6026330, at *5. Indeed, the alterations to the packaging of Defendants' products—a fill line showing the expected minimum level of fill, a prominent disclosure of the number of servings on the front label, and a disclosure that products may settle—appear in line with relief secured in similar consumer actions. *See, e.g., Berni v. Barilla G. e R. Fratelli, S.p.A.*, 332 F.R.D. 14, 20 (E.D.N.Y. 2019) (approving alteration to the packaging to add both "a minimum fill line and a disclaimer noting that there is empty space in the box"), vacated and remanded on another ground, 964 F.3d 141 (2d Cir. 2020); *Kline,* 2016 WL 6026330, at *1 (approving settlement in which defendant agreed to include a window in the label design to see fill level, add number of servings to label, and state product was sold by weight and not volume). Moreover, the settlement does not impact the class members' rights to pursue monetary relief against Defendants in the future.

Additionally, the settlement appears to be the result of serious, informed, non-collusive negotiations. The parties conducted independent investigation of the claims and exchanged formal written discovery and the production of documents. Perez Decl. ¶¶ 10-11; Mot. 19. The parties engaged in informal settlement discussions and then undertook a full-day mediation with the Honorable Margaret A. Nagle (Ret.). Mot. 20. After the mediation, Judge Nagle issued a mediator's proposal, which included the injunctive terms of this settlement. *Id.* The parties then engaged in additional negotiations through Judge Nagle to finalize the specific terms of the settlement. *Id.* Furthermore, when this Court expressed concerns about the fairness of certain aspects of the original proposed settlement, the parties re-negotiated and agreed to relief that was more favorable to the class. *Bellinghausen v. Tractor Supply Co.*, 303 F.R.D. 611, 620 (N.D. Cal. 2014) ("The use of a mediator and the presence of discovery 'support the conclusion that the Plaintiff was appropriately informed in negotiating a settlement.'") (citation omitted). Though the parties have agreed upon a certain award of attorneys' fees and

expenses, that is not prohibited. The Court will undergo a close analysis of the final fee request to ensure that any fee award is appropriate.

Thus, the Court concludes the settlement appears to be fair, reasonable, and adequate.

### III. CLASS NOTICE, REPRESENTATIVES, AND COUNSEL

Next, the Court must determine whether to issue notice to the class regarding the settlement. "[I]n a Rule 23(b)(2) class action" for injunctive relief, "notice may be given but is not required." *Lyon v. U.S. Immigration & Customs Enf't*, 300 F.R.D. 628, 635 (N.D. Cal. 2014). And though Rule 23(e) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1), courts have indicated Rule 23(e)'s notice mandate does not apply when the "the rights of absent class members" are not "compromised in any way." *Selby v. Principal Mut. Life Ins. Co.*, No. 98 CIV. 5283(RLC), 2003 WL 22772330, at *4 (S.D.N.Y. Nov. 21, 2003); *Chan v. Sutter Health Sacramento Sierra Region*, No. LA CV15–02004 JAK (AGRx), 2016 WL 7638111, at *14 (C.D. Cal. June 9, 2016) (declining to require notice when "the Class Members' rights [would] not be prejudiced by the Settlement Agreement").

"The Court therefore exercises its discretion and does not direct notice because the settlement does not alter the unnamed class members' legal rights." *Kline,* 2016 WL 6026330, at *6.

The parties also request that the Court appoint Plaintiffs Rebecca Padilla and Kimberly Owens as the Class Representatives and appoint Capstone Law APC as Class Counsel. The Court has already noted that Plaintiffs' interests appear to align with those of the class and that no conflicts of interest are apparent. Moreover, having reviewed the declaration of counsel, the Court notes that counsel have extensive experience litigating, certifying, and settling consumer class actions. [Perez Decl.](#) ¶¶ 24-28. The Court concludes Plaintiffs' chosen counsel appear well suited for appointment in light of the appropriate considerations. *See* Fed. R. Civ. P. 23(g).

Plaintiffs and their counsel are thus appointed to serve as Class Representatives and Class Counsel for this action.

## IV. CONCLUSION

Thus, the Court **GRANTS** the motion for preliminary approval and conditionally certifies the proposed class. The Court **APPOINTS** Rebecca Padilla and Kimberly Owens as Class Representatives and Capstone Law APC as Class Counsel.

A hearing will be held before the Court on **June 25, 2021 at 8:30 a.m.** All papers in support of the settlement's final approval must be filed no later than **May 31, 2021**. Plaintiffs are granted leave to file up to 30 pages regarding settlement papers and inclusive of the fee request. The courthouse is open, and the parties should be ready for an in-person hearing.

**IT IS SO ORDERED**.