JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:18-cv-09327-SB-JC | Date: | 7/15/2021 |
|---|---|---|---|

| Title: | *Rebecca Padilla et al v. The Whitewave Foods Company et al* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **ORDER GRANTING MOTION FOR FINAL CLASS SETTLEMENT APPROVAL (DKT. NO. 81)**

Before the Court is Plaintiffs Rebecca Padilla and Kimberly Owens's motion for final approval of the class action settlement. Dkt. No. 81 (Mot.).

## I.

This case is a putative nationwide class action brought by Plaintiffs against Defendants Sequel Naturals ULC and Vega US LLC regarding the labelling and packaging practices of protein powder products made, marketed, distributed and sold by Defendants. Dkt. No 25 (Compl.). Plaintiffs assert statutory and common law claims, alleging that the protein containers are substantially underfilled and that this nonfunctional "slack fill" (i.e., the difference between the actual capacity of a container and the volume of product) is misleading to reasonable consumers. *See id.* The parties negotiated a settlement of this class action and moved for the Court's preliminary approval of the proposed settlement under Federal Rule of Civil Procedure 23(e). Dkt. No. 78. The terms of the settlement agreement are

recounted in the Court's previous order granting preliminary approval. Dkt. No. 80 at 2-4.

On May 10, 2021, the Court granted the motion for preliminary approval and conditionally certified the proposed class. *Id.* at 8. The Court appointed Rebecca Padilla and Kimberly Owens as class representatives and Capstone Law APC as class counsel. *Id.* The Court also exercised its discretion and declined to require issuance of notice to the class, because the class action sought only injunctive relief and the Court concluded the rights of absent class members would not be compromised. *Id.* at 7.

Plaintiffs now bring a motion for final approval of the class action settlement. Dkt. No. 81. Plaintiffs seek final certification of the settlement class, final approval of the settlement, attorneys' fees and costs amounting to $220,000, and incentive awards for the class representatives of $2,500 each.

## II.

Plaintiffs seek final certification of the class as defined by the settlement agreement. Mot. 6. In its order granting preliminary approval, the Court conducted a Rule 23 analysis, found "the proposed settlement class meets the requirements of both Rule 23(a) and Rule 23(b)(2)," and "conditionally certifie[d] the class as defined by the settlement agreement." Dkt. No. 80 at 4-5. Since that order, there have been no "material changes to any of the information relevant to the application of the factors that are used to determine whether the certification of a class is appropriate under Fed. R. Civ. P. 23." *Miller v. Wise Co., Inc.*, No. ED CV17-00616 JAK (PLAx), 2020 WL 1129863, at *4 (C.D. Cal. Feb. 11, 2020). Thus, the Court adopts its previous analysis and **GRANTS** the motion as to the certification of the class.

Plaintiffs also seek final approval of the class settlement. Mot. 6-15. At this stage, the Court must "find[] that the settlement is 'fair, reasonable, and adequate.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)). The Court's inquiry is guided by several, non-exclusive factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the

experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* (citation omitted). "Each factor does not necessarily apply to every class action settlement, and others may also be considered." *Miller,* 2020 WL 1129863, at *5.

The Court's preliminary approval order "considered the multiple, relevant factors" provided by the Ninth Circuit and concluded that the settlement was fair. Dkt. No. 80 at 6-7. In particular, the Court reasoned:

> The parties provide an extensive overview of the several issues that would arise if the case were not to settle, indicating that continuing this case involved a heightened possibility of risk, significant costs, and protracted litigation. . . . Given the risks of continued litigation, the proposed settlement appears within the range of reasonableness. "While the class will not receive monetary compensation, the proposed settlement provides significant injunctive relief . . . ." . . . . Indeed, the alterations to the packaging of Defendants' products—a fill line showing the expected minimum level of fill, a prominent disclosure of the number of servings on the front label, and a disclosure that products may settle—appear in line with relief secured in similar consumer actions. . . . Moreover, the settlement does not impact the class members' rights to pursue monetary relief against Defendants in the future.
>
> Additionally, the settlement appears to be the result of serious, informed, non-collusive negotiations. The parties conducted independent investigation of the claims and exchanged formal written discovery and the production of documents. . . . The parties engaged in informal settlement discussions and then undertook a full-day mediation with the Honorable Margaret A. Nagle (Ret.). . . . After the mediation, Judge Nagle issued a mediator's proposal, which included the injunctive terms of this settlement. . . . The parties then engaged in additional negotiations through Judge Nagle to finalize the specific terms of the settlement. . . . Furthermore, when this Court expressed concerns about the fairness of certain aspects of the original proposed settlement, the parties re-negotiated and agreed to relief that was more favorable to the class.

*Id.* Because nothing has arisen to alter this analysis, the Court adopts it for purposes of the final approval of the settlement.

The Court did flag that "the parties have agreed upon a certain award of attorneys' fees expenses"—a fact that is sometime indicative of collusiveness—but noted such an agreement is "not prohibited" and that the Court would "undergo a close analysis of the final fee request to ensure that any fee award is appropriate." *Id.* Having done so (as discussed below), the Court believes the requested fees and costs are reasonable and do not suggest collusion. Moreover, the Court's preliminary order noted that the parties would need to further "discuss the delayed implementation" of portions of the benefits to the class. *Id.* at 3 n.1. At the hearing, counsel discussed the extensive process needed to ensure an accurate fill line for each formulation of the products at issue. Per the Court's request, this was confirmed in a declaration from the Director of Research and Innovation at Defendant Vega US LLC. Dkt. No. 86.

In sum, the Court concludes that the proposed class settlement is fair and reasonable and, thus, **GRANTS** the motion as to the request for final approval.

### III.

Next, Plaintiffs seek $220,000 in attorneys' fees and costs. Mot. 15-25. Rule 23(h) provides that "[i]n a certified class action, the court may award attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Here, the settlement agreement provides for the fees requested.

"The 'lodestar' method is typically used where the benefit received by the class is primarily injunctive in nature, and therefore, monetary benefit is not easily calculated." *Beltran v. Olam Spices & Vegetables, Inc.*, No. 1:18-cv-01676-NONE-SAB, 2021 WL 2284465, at *18 (E.D. Cal. June 4, 2021). This method "calculates attorney fees by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Id.* Once this "lodestar" is calculated, it may be increased or decreased by a multiplier that reflects any factors not subsumed within the calculation, such as the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 981 (E.D. Cal. 2012) (internal quotations and citations omitted).

The parties provide a lodestar of $285,211, which they have reduced to $220,000 employing a 0.74 negative multiplier. *See* Mot. 23; Dkt. No. 81-1 (Perez

Decl.).  In calculating that number, class counsel asserts that 540.6 hours were expended litigating this case and seeks hourly rates ranging from $545-$775 for senior counsel and partners and $345-$420 for associates.  Perez Decl. ¶ 24.  The request also includes $10,080.60 in costs.  *Id.* ¶ 38.  In the  supportive declaration, counsel identifies each attorney who contributed to the case, the year they were admitted to the bar, the total number of hours they spent on the case (broken down by general task), and their hourly rate.  *Id.*  Based on the Court's knowledge of this case and its history, the Court finds the offered number of hours constitute the amount counsel could have "reasonably expended on the litigation."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  The declaration also highlights that the attorneys here and at peer law firms have routinely been awarded the requested or similar rates in this district and other courts across California.  Perez Decl. ¶¶ 25-27; *see also, e.g., Etter v. Thetford Corp.*, No.  SACV 14-06759-JLS (RNB), 2017 WL 1433312, at *4 (C.D. Cal. Apr. 14, 2017) (awarding $275-$450 for associates and $500-$775 for partners).  Given the reasonableness of the rate and hours, the Court concludes that the lodestar is proper—particularly in light of the use of a meaningful negative multiplier.  *See Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 601 (N.D. Cal. 2020) (reasoning that a "negative multiplier suggests that the fee request is reasonable").  Thus, the Court **GRANTS** the motion as to the request for $220,000 in fees and costs.

Finally, Plaintiffs seek $2,500 incentive awards for each named class representative.  Mot. 25.  Though the amount of work expended by Plaintiffs does not appear to be exceptional, the Court concludes that the fairly modest award is within the norm of this circuit.  *See Bravo v. Gale Triangle, Inc.*, No. CV 16-03347 BRO (GJSx), 2017 WL 708766, at *19 (C.D. Cal. Feb. 16, 2017) ("Generally, in the Ninth Circuit, a $5,000 incentive award is presumed reasonable.")  Thus, the Court **GRANTS** the motion as to the request for $2,500 incentive awards for each named Plaintiff.

## IV.

For these reasons, the Court **GRANTS** the motion in full. The Court certifies the class identified in the proposed settlement and approves the settlement agreement as fair. The Court awards $220,000 in fees and costs to Plaintiffs' counsel and $2,500 in incentive awards for the named Plaintiffs.